# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TEMPUS AIRCRAFT SALES & SERVICE, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 4:17-cv-57-JRH-GRS ) |
| SIGNATURE FLIGHT SUPPORT CORPORATION, | ) (JURY DEMANDED) ) ) |
| Defendant. | ) ) ) |

## FIRST AMENDED COMPLAINT FOR DAMAGES

**COMES NOW TEMPUS AIRCRAFT SALES AND SERVICE, LLC** ("TASS"), Plaintiff herein, and files this its First Amended Complaint for Damages, alleging and showing this Honorable Court as follows:

### I. PARTIES, JURISDICTION & VENUE

1.

At all relevant times, TASS was and is a limited liability company organized in the state of Nevada.

2.

At all relevant times, Defendant Signature Flight Support Corporation ("Signature"), was and is a Delaware corporation licensed to do business in the state of Georgia; therefore, Signature is subject to personal jurisdiction in the State of Georgia. Service may be made on Signature by serving its registered agent, CT Corporation System, 1201 Peachtree Street NE, Fulton, Atlanta, Georgia 30361.

3.

This Court has federal diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

4.

This cause of action arises out of damage to TASS's airplane caused by Signature which occurred at a facility operated by Signature in Savannah, Georgia.

5.

Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to TASS's claims occurred within the Southern District of Georgia.

## II. FACTUAL ALLEGATIONS

6.

TASS realleges the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

7.

At all relevant times, Signature either owned, possessed or controlled the facility commonly known as Signature Flight Support – Savannah, Georgia, which, among other things, engaged in the servicing and overnight parking of aircraft.

8.

At all relevant times, TASS was the owner of a certain Pilatus PC-12 (New Generation) turboprop aircraft, FAA Registration Number N637NG (the "Airplane"), which it intended to

display and sell at the National Business Aircraft Association ("NBAA") annual convention to be held November 1 through November 4, 2016 in Orlando, Florida.

9.

On or about October 25, 2016, TASS arrived at Signature's facility located in Savannah, Georgia for an overnight layover before completing the flight to Orlando, Florida for the NBAA convention.

10.

On or about October 25, 2016, for valuable consideration, TASS entered into a contract with Signature in which Signature agreed through its agents or employees to provide overnight parking of the Airplane at the Signature facility.

11.

TASS delivered the Airplane to Signature for overnight parking at Signature's facility.

12.

When TASS tendered the Airplane to Signature, it was a brand-new undamaged aircraft having approximately thirty-five (35) total hours on the airframe and engine.

13.

While the Airplane was in Signature's exclusive possession and control, Signature struck the Airplane with certain ground support equipment rendering the aircraft unairworthy and causing substantial impact damage to its propeller, airframe and engine.

14.

On or about October 25, 2016, Signature returned possession of the Airplane to TASS at the Savannah facility in a severely damaged condition.

15.

The Airplane sustained significant damages and was diminished in value due to Signature's actions and omissions. TASS further lost substantial profits for rental of the Airplane during the downtime for its repair, incurred the costs of the repair and replacement of damaged parts, incurred the expense of returning the Airplane to Colorado, and lost the opportunity to display and sell the Airplane to potential buyers at the NBAA convention in Orlando, Florida.

### III. CAUSES OF ACTION

### COUNT I – BREACH OF BAILMENT CONTRACT

16.

TASS realleges the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

17.

TASS and Signature entered into a contract in which Signature agreed through its agents or employees to provide overnight parking of the Airplane at the Signature facility.

18.

The agreement between TASS and Signature constituted a bailment contract under Georgia law.

19.

When the bailment contract was created between TASS and Signature, it imposed upon Signature, as bailee, an implied obligation to keep the Airplane safe and to return it to TASS free from injury and in the same condition as when Signature received it.

20.

All conditions precedent to Signature's return of the Airplane to TASS free from injury either occurred or were excused.

21.

The Airplane was severely damaged by Signature while in Signature's exclusive possession and control as bailee.

22.

Signature breached the bailment contract with TASS when it caused injury to the Airplane and returned it to TASS in a severely damaged condition.

23.

TASS suffered substantial damages as a result of Signature's breach of the bailment agreement, to wit: the costs of repairing and diminished value of the Airplane, expenses in connection with returning the Airplane to Colorado, lost profits for rental of the Airplane and the lost opportunity to display and sell the Airplane to potential buyers at the NBAA convention in Orlando, Florida.

24.

Plaintiff is therefore entitled to an award of damages for special, general and compensatory damages as determined at trial as well as costs of litigation and expenses.

**COUNT II – NEGLIGENCE/GROSS NEGLIGENCE**

25.

TASS realleges the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

26.

While the Airplane was in Signature's possession and control, Signature owed a duty to TASS to use ordinary care and diligence in safeguarding the Airplane and protecting it from damage.

27.

Contrary to the duty imposed upon Signature by the laws of Georgia, Signature, through its agents or employees for whom it is vicariously liable, breached its duty to TASS by committing one or more of the following acts and/or omissions:

a. Carelessly and negligently operating or moving certain ground support or other equipment in and around the Airplane in a manner that was likely to and did cause a collision between such equipment and the Airplane;

b. Carelessly and negligently operating or moving certain ground support or other equipment without keeping a proper or sufficient lookout to avoid a collision between such equipment and the Airplane;

c. Carelessly and negligently operating or moving certain ground support or other equipment at a speed that was excessive in view of the circumstances thereby causing a collision between such equipment and the Airplane;

d. Carelessly and negligently failing to decrease the speed of the ground support equipment being operated by Signature so as to avoid colliding with the Airplane;

e. Carelessly and negligently failing to stop the ground support equipment being operated by Signature so as to avoid colliding with the Airplane;

f. Failing to adequately train and supervise the driver or operator in the operation of its equipment;

    g. Was otherwise careless and negligent in the operation of its equipment in and around the Airplane so as to cause damage to it.

28.

Upon information and belief, given the nature of the physical damage to the Airplane and the magnitude of the force that would have been necessary to cause said damage, Signature's driver or operator of the subject equipment failed to exercise even slight care in safeguarding the Airplane. Signature was therefore grossly negligent.

29.

As a direct and proximate result of one or more of the foregoing careless and negligent/grossly negligent acts and/or omissions, Signature caused damage to the Airplane.

30.

TASS suffered substantial damages as a result of Signature's negligence/gross negligence, to wit: the costs of repairing and diminished value of the Airplane, expenses in connection with returning the Airplane to Colorado, lost profits for rental of the Airplane and the lost opportunity to display and sell the Airplane to potential buyers at the NBAA convention in Orlando, Florida.

31.

Plaintiff is therefore entitled to an award of damages for special, general and compensatory damages as determined at trial as well as costs of litigation and expenses.

**COUNT III – ATTORNEY'S FEES AND EXPENSES OF LITIGATION**

32.

TASS realleges the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

33.

Signature has acted in bad faith in its dealings with TASS, has been stubbornly litigious, and has caused TASS unnecessary trouble and expense as set forth in O.C.G.A. § 13-6-11.

34.

TASS is therefore entitled to an award of attorney's fees and expenses of litigation from Signature as a result of Signature's actions.

**WHEREFORE**, TASS prays as follows:

a) That Defendant be served with summons, process and a copy of this Complaint as provided by law;

b) That the Plaintiff be granted a trial by jury as to all triable issues in this cause;

c) That the Plaintiff obtain judgment against the Defendant for special, general and compensatory damages as determined at trial as well as costs of litigation and expenses, including attorney's fees; and

d) For such other and further relief, including pre-judgment interest, as this Court deems just and equitable under all circumstances alleged and contained herein.

This 25th day of August 2017.

                                      **RAHIMI, HUGHES & PADGETT, LLC**

                                BY:   s/ Robert C. Hughes, III
                                         **ROBERT C. HUGHES, III**
                                         Georgia State Bar No. 140993
                                         ATTORNEYS FOR PLAINTIFF
                                         **TEMPUS AIRCRAFT SALES & SERVICES, LLC**

33 Bull Street, Suite 590
Savannah, GA 31401
(912) 421-9988
rhughes@rhp-law.com

**LAW OFFICES OF FRED C. BEGY, III, P.C.**

BY: <u>s/ Fred C. Begy, III</u>
 **FRED C. BEGY, III**
 Illinois ARDC No. 0156876
 **(Pro Hac Vice)**
 ATTORNEYS FOR PLAINTIFF

200 N. La Salle Street
Suite 2810
Chicago, Illinois 60601
Tel: (312) 236-0708
Fax: (312) 236-0719
fbegy@fredbegylaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing **FIRST AMENDED COMPLAINT FOR DAMAGES** has been served on counsel for all parties by placing same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereon and/or via electronic mail to all other counsel of record to ensure delivery to:

Nathan M. Wheat
Murray, Morin & Herman, P.A.
101 E. Kennedy Blvd.
Suite 1810
Tampa, FL 33602

Email: nwheat@mmhlaw.com

This 25th day of August, 2017.

                                                   **RAHIMI, HUGHES & PADGETT, LLC**

                                                       s/ Robert C. Hughes, III
                                                 **ROBERT C HUGHES, III**
                                                 Georgia Bar No. 140993
                                                 **ATTORNEYS FOR TEMPUS**
                                                 **AIRCRAFT SALES & SERVICES, LLC**

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988