UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| TEMPUS AIRCRAFT SALES & SERVICE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 4:17-cv-57-JRH-GRS |
| SIGNATURE FLIGHT SUPPORT CORPORATION, | ) ) ) | (JURY DEMANDED) |
| Defendant. | ) ) ) | |

**DEFENDANT SIGNATURE FLIGHT SUPPORT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIM**

Comes now the Defendant, SIGNATURE FLIGHT SUPPORT CORPORATION ("Signature") and makes its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [Doc. 15] and Amended Counterclaim[1] as follows:

**ANSWER TO SPECIFIC ALLEGATIONS OF FIRST AMENDED COMPLAINT**

Signature responds to each numbered allegation of Plaintiff's Complaint as follows:

1.      Signature has insufficient knowledge to either admit or deny the allegations in paragraph 1 in Plaintiff's First Amended Complaint. The allegations therefore stand

---

[1] At the time it filed its Answer and Affirmative Defenses to Plaintiff's Complaint, Signature filed a Counterclaim. [Doc. 10]. While Signature takes the position it need not re-plead its Counterclaim as part of its Answer to Plaintiff's First Amended Complaint, in an abundance of caution it re-pleads an Amended Counterclaim with this pleading, unchanged from its prior pleading other than to reflect partial payment received after the Counterclaim was filed.

denied.

2.  Admitted that there is *in personam* jurisdiction over Signature with respect to this lawsuit only, on the basis of specific jurisdiction, but denied to the extent the allegation in paragraph 2 of Plaintiff's First Amended Complaint could be read to allege that Signature is subject to general jurisdiction in this State. Otherwise, admitted.

3.  Admitted.

4.  Signature admits only that Plaintiff alleges that its aircraft was damaged by Signature at a facility operated by Signature in Savannah, Georgia. Otherwise denied.

5.  Signature admits that venue is proper because the alleged acts or omissions giving rise to Plaintiff's claims occurred in this district. Otherwise denied.

6.  Signature restates and incorporates its responses to paragraphs 1-5 of the First Amended Complaint as if fully sets forth herein.

7.  Signature admits that at all times relevant to this action, it has operated a fixed base operation at Savannah/Hilton Head International Airport. Otherwise denied.

8.  Signature has insufficient knowledge to either admit or deny the allegations in Paragraph 8 in Plaintiff's First Amended Complaint. The allegations therefore stand denied.

9.  Signature admits that on or about October 25, 2016, the Airplane (as defined in the First Amended Complaint) arrived at Signature's facility located in Savannah, Georgia. With respect to the remaining allegations in paragraph 9 of Plaintiff's First Amended Complaint, Signature has insufficient information to either admit or deny, so those allegations stand denied.

10. Denied.

11. Signature admits that on or about the evening of October 25, 2016, the Airplane (as defined in the First Amended Complaint) was delivered to Signature for overnight parking at Signature's facility in Savannah, Georgia. Otherwise denied.

12. Signature has insufficient knowledge to either admit or deny the allegations in Paragraph 12 in Plaintiff's First Amended Complaint. The allegations therefore stand denied.

13. Denied.

14. Signature admits that on or about October 25, 2016, Signature returned possession of the Airplane to its owner at the Savannah facility. Otherwise denied.

15. Denied.

16. Signature restates and incorporates herein its responses to paragraphs 1-15 of Plaintiff's First Amended Complaint as if fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Signature restates and incorporates herein its responses to paragraphs 1-15

of Plaintiff's First Amended Complaint as if fully set forth herein.

26. Denied.

27. Denied, including all subparts (a) through (g).

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Signature restates and incorporates its responses to Paragraphs 1 through 31 of Plaintiff's First Amended Complaint as if fully set forth herein.

33. Denied.

34. Denied.

WHEREFORE, Defendant, Signature Flight Support, respectfully requests that this Court enter judgment in its favor on all counts, with all costs assessed against Plaintiff, and demands such other and further relief as may be deemed just and proper by this Court.

## AFFIRMATIVE DEFENSES

Subject to and without waiving its responses above, Signature makes its Affirmative Defenses to Plaintiff's First Amended Complaint as follows:

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's First Amended Complaint is barred in whole or in part under the doctrine of waiver.

4

3. Plaintiff's First Amended Complaint is barred in whole or in part under the doctrine of estoppel.

4. Plaintiff's First Amended Complaint is barred in whole or in part under the doctrine of laches.

5. Plaintiff's First Amended Complaint is barred in whole or in part by release.

6. Plaintiff's First Amended Complaint is barred in whole or in part by Plaintiff's failure to mitigate its damages, if any.

7. Plaintiff's claims are barred in whole or in part because Defendant is entitled to setoff and recoupment against the amounts allegedly owed.

8. Plaintiff's damages, if any, are limited or excluded in whole or in part by one or more operative agreements between the parties.

9. Plaintiff's damages, if any, were solely or partially caused by the negligence of other parties or entities, which negligence bars or limits recovery against Signature. These parties include but are not limited to, any persons or entities that manufactured, maintained, or repaired any ground handling equipment that may have been involved in the subject incident. As discovery has not yet begun, Signature reserves the right to amend this Affirmative Defense.

10. Plaintiff's claims are barred in whole or in part by Plaintiff's assumption of the risk.

11. Plaintiff's Complaint is barred in whole or in part by failure of consideration.

12. Plaintiff is barred from recovery in whole or in part as result of Plaintiff's contributory or comparative negligence.

13. Plaintiff's claims are barred to the extent that Plaintiff is not the real party in interest to some or all of the claimed damages, if any.

14. Plaintiff's claims are barred in whole or in part by the economic loss doctrine.

15. Signature asserts that some or all of Plaintiff's claims may be governed, in whole, or in part, by the application of the law of states other than the forum State of Georgia, including, but not necessarily limited to, the State of Arizona and the State of Florida.  Signature reserves the right to assert the application of foreign state law or to apply the principle of *dépeçage* for a choice of law analysis on an issue-by-issue basis.

16. Plaintiff's alleged damages, if any, resulted from an act of God, unavoidable accident, or sudden emergency for which Signature is not responsible or liable.

## AMENDED COUNTERCLAIM

COMES NOW Signature Flight Support Corporation, ("Signature"), as Plaintiff-in-Counterclaim, and makes its Amended Counterclaim against Defendant-in-Counterclaim Tempus Aircraft Sales & Service, LLC ("Tempus"), as follows:

1. Tempus is subject to the jurisdiction and venue of this Court by virtue of, among other things, filing this Complaint.

2. Subject matter jurisdiction existed for this Counterclaim under 28 U.S.C. § 1332 at the time it was originally filed, as the parties are completely diverse and the amount in controversy at the time of filing exceeded $75,000, exclusive of interest and costs.

3. This Court also has ancillary or pendent jurisdiction over Signature's Amended Counterclaim pursuant to 28 U.S.C. § 1367.

4. Signature's Counterclaim arises from a Space Permit, as amended, entered into by and between Signature and Tempus (the "Space Permit"). A true and correct copy of the Space Permit, with Amendment Number One thereto, is attached as **Exhibit A** to this Counterclaim.

5. Pursuant to the Section 4 of the Space Permit's General Terms and Conditions, and Section 2 of Amendment Number One, Tempus is currently obligated to pay to Signature base rent in the amount of $30,192.47 per month.

6. Signature has provided written Notice of Default to Tempus pursuant to Section 30 of the Space Permit's General Terms and Conditions, and notice of its assessment of a late fee of five percent (5%) for each month in arrears as provided under Section 4 of the Space Permit. See collective **Exhibit B**, letters of April 14, and 24, 2017, respectively.

7. Tempus has failed to cure its default under the Space Permit.

8. At the time of Signature's filing of its original Counterclaim [Doc. 10], Tempus had not paid its rent for the months of June, July, and August, 2017, and had failed to pay the assessed late fee for April as set forth in Exhibit B. Late fees for June and July also accrued under the terms of the Space Permit.

9. At the time of Signature's original Counterclaim [Doc. 10], Tempus was indebted to Signature under the Space Permit in the amount of $90,577.41 in past due rent, plus late fees in the amount of $4,528.87.

10. Pursuant to Section 30(b)(iii) of the Space Permit's General Terms and Conditions, Signature in its Counterclaim [Doc. 10] declared all aggregate rent for the remainder of the Space Permit's term immediately due and payable. Thus, base rent of $30,192.47 for the months of September and October, 2017, became immediately due and payable to Signature.

11. After the filing of the Counterclaim, and after acceleration of the rent under the Space Permit, Tempus made partial payment of $92,087.03, but failed to cure its default under the Space Permit or pay all accelerated rent.

## COUNT I-BREACH OF CONTRACT

12. Signature realleges paragraphs 1 through 11 of its Amended Counterclaim as if fully set forth herein.

13. Pursuant to the Section 4 of the Space Permit's General Terms and Conditions, and Section 2 of Amendment Number One, Tempus is currently obligated to pay to Signature base rent in the amount of $30,192.47 per month.

14. Signature has provided written Notice of Default to Tempus pursuant to Section 30 of the Space Permit's General Terms and Conditions, and Tempus has failed to cure its default under the Space Permit.

15. Tempus has breached the Space Permit by its failure to pay rent as required under the Space Permit.

16. As a direct and proximate result of Tempus' breach of its agreement, Signature has incurred damages in the amount of $90,577.41 in past due rent, plus late fees in the amount of $4,528.87, less partial amounts paid.

17. Future rent continues to accrue at a rate of $30,192.47 per month.

18. Pursuant to Section 30(b)(iii) of the Space Permit's General Terms and Conditions, Signature in its original Counterclaim declared all aggregate rent for the remainder of the Space Permit's term immediately due and payable.

19. The term of the Space Permit expires on or about October 31, 2017.  As a result, rent from June through October, 2017, is immediately due and payable in the amount of $150,962.35, plus late fees which have accrued in the amount of no less than $4,528.87, less any partial amounts paid of $92,087.03, totaling no less than $63,404.19.

20. Pursuant to Section 30(c) of the Space Permit, Signature is entitled to its reasonable attorneys' fees incurred in making this counterclaim.

21. Signature contends that the law of Arizona applies to the application of the attorneys' fee provision in Section 30(c) of the Space Permit.  However, to the extent Georgia law applies to this issue, notice is hereby given under O.C.G.A. § 13-1-11 that Signature intends to seek recovery of its attorneys' fees pursuant to that statute, of 15 percent of the first $500.00 of principal and interest owing and 10 percent of the amount of principal and interest owing thereon in excess of $500.00.

**COUNT II-ATTORNEYS' FEES UNDER O.C.G.A. SECTION 13-6-11**

22. Signature realleges paragraphs 1 through 11 of its Amended Counterclaim as if fully set forth herein.

9

23. In addition to its entitlement to attorneys' fees under the Space Permit, to the extent Georgia law applies to the issue, Signature is entitled to its expenses of litigation relating to the counterclaim, pursuant to O.C.G.A. § 13-6-11, because Tempus has acted in bad faith, been stubbornly litigious, or has caused Signature unnecessary trouble and expense.

**WHEREFORE**, Defendant Signature Flight Support Corporation, as Plaintiff-in-Counterclaim, demands judgment on its Amended Counterclaim against Tempus for breach of the Space Permit, in the amount of no less than $63,404.19, plus reasonable attorneys' fees as provided by the Space Permit, attorneys' fees under O.C.G.A. § 13-6-11, all costs of this action, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Signature demands a trial by jury on all issues so triable.

Respectfully submitted, this 8th day of September, 2017.

*s/ Nathan M. Wheat*
**NATHAN M. WHEAT**
Georgia Bar No. 751217
nwheat@mmhlaw.com
**MURRAY, MORIN & HERMAN, P.A.**
101 E. Kennedy Blvd., Suite #1810
Tampa, Florida 33602
Tel: 813-222-1800
Fax: 813-222-1801
Attorney for Defendant

                                          **JOHN M. MURRAY**
                                          Florida Bar No. 157325
                                          jmurray@mmhlaw.com
                                          **MURRAY, MORIN & HERMAN, P.A.**
                                          101 E. Kennedy Blvd., Suite #1810
                                          Tampa, Florida 33602
                                          Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify on this date the foregoing document is being served on all parties identified below in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically any Notices of Electronic Filing.

        *s/ Nathan M. Wheat*
        **NATHAN M. WHEAT**
        Georgia Bar No. 751217
        nwheat@mmhlaw.com
        **MURRAY, MORIN & HERMAN, P.A.**
        101 E. Kennedy Blvd., Suite #1810
        Tampa, Florida 33602
        Tel:   813-222-1800
        Fax:  813-222-1801
        Attorney for Defendant

## SERVICE LIST

**Fred C. Begy, III, Esq.**
Law Offices of Fred C. Begy, III, P.C.
200 N. La Salle Street, Suite 2810
Chicago, IL 60601
Tel: (312) 236-0708
Fax: (312) 236-0719
Email: fbegy@fredbegylaw.com
Illinois ARDC No.: 0156876
*Counsel for Plaintiff*

**Robert C. Hughes, III, Esq.**
33 Bull Street, Suite 590
Savannah, GA 31401
Tel: (912) 421-9988
Email: rhughes@rhp-law.com
*Counsel for Plaintiff*